UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON ALAN WATTERS,<br><br>Defendant. | 4:19-CR-40003-04-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Brandon Alan Watters, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 305. Plaintiff, the United States of America, opposes the motion. Docket 325. For the following reasons, the court denies Watters' motion for compassionate release.

## BACKGROUND

On August 15, 2019, Watters pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 168, 177. On November 4, 2019, the court sentenced Watters to 120 months in custody and 5 years of supervised release. Docket 240; Docket 241 at 2-3. On November 5, 2020, the court reduced Watters' sentence to 60 months in custody followed by five years of supervised release. Docket 302 at 2-3.

Watters is incarcerated at the United States Penitentiary Leavenworth (USP Leavenworth) in Leavenworth, Kansas. Docket 305 at 3. The total population at USP Leavenworth is 1,541 persons. Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/lvn/ (last visited Feb. 8, 2021). As of February 8, 2021, there are currently 43 active COVID-19 cases among USP

Leavenworth's inmates and staff, two inmate deaths from COVID-19, and 728 inmates and five staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021).

Watters is 26 years old. Docket 314 at 51. Watters claims that due to his severely weakened immune system as a result of his drug abuse, he is more vulnerable to COVID-19. Docket 305 at 3.

On September 25, 2020, Watters wrote a letter to the warden requesting he be considered for compassionate release due to COVID-19. Docket 314 at 54-57. The warden denied Watters' request on October 27, 2020. *Id.* 314 at 59; Docket 306 at 3. On November 23, 2020, Watters filed a pro se motion with the court for relief under the First Step Act. Docket 305.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. *Id.* § 603(b)(1). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable

policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement, which was adopted before the FSA was passed, requires both "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the safety of others." USSG § 1B1.13(1)-(2) (Nov. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Watters argues that the global COVID-19 crisis and his susceptibility to illness satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 305 at 6-9; Docket 314 at 55.

I. **Administrative Exhaustion**

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Watters submitted a request for compassionate release due to COVID-19 on September 25, 2020. Docket 314 at 54. The warden denied the request on

3

October 27, 2020. *Id.* at 59; Docket 306 at 3. Having presented his request to the warden and being denied, and hearing no objection from the United States, the court will presume Watters has satisfied the administrative exhaustion requirement and review the matter on the merits.[1]

## II. Extraordinary and Compelling Reasons

Though section 3582(c)(1)(A)(i) provides for compassionate release upon a showing of "extraordinary and compelling reasons," Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion "the criteria to be applied and a list of specific examples." *Id.* As directed, the Sentencing Commission did so by limiting "extraordinary and compelling reasons" to four scenarios. USSG § 1B1.13, comment. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* A fifth catch-all category also exists for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. USSG § 1B1.13, comment. n.1(D).

---

[1] The warden's response states that if Watters is not satisfied with the decision, he may commence an appeal through the administrative remedy process. Docket 314 at 59. There is no indication that Watters appealed the decision administratively.

The Sentencing Commission's guidance in § 1B1.13 was provided prior to the passage of the FSA amending section 3582(c)(1)(A) and has not been updated because the commission lacks a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the previous policy statement still applies. *See United States v. Rodd*, Criminal No. 13-230, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 4:05-CR-00227-1, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020).

Because the FSA changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon,* 458 F. Supp. 3d 1114, 1118 (D.N.D. 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *Beck*, 425 F. Supp. 3d at 578-80; *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Loggins,* 966 F.3d 891, 892 (8th Cir. 2020) ("We need not decide whether the statute supersedes the policy statement in this respect. . . ."); *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in

adhering to the policy statements in § 1B1.13.").

Watters contends that due to his severely weakened immune system as a result of past drug abuse, he is more vulnerable to COVID-19, therefore satisfying the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 305 at 6-9; Docket 314 at 55. Though Watters did not specifically address the categories of "extraordinary and compelling reasons" under USSG § 1B1.13, the court will analyze his circumstances under the medical conditions category, USSG § 1B1.13 comment note 1(A), and the catch-all provision, USSG § 1B1.13 comment note 1(D).

Assuming the court's discretion to consider compassionate release is at least as broad as the outdated policy statement of the Sentencing Commission, Watters has failed to show that his reasons for release rise to the level of "extraordinary and compelling" circumstances justifying a reduction in sentence.

### A. Medical Conditions Category, Note 1(A)

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. The Centers for Disease Control and Prevention (CDC) has identified the following conditions as ones that *do* pose an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, Down syndrome, heart conditions, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), pregnancy, sickle cell disease, smoking, and Type 2 diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention,

6

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Dec. 29, 2020). The CDC advises that other medical conditions *might* pose an increased risk of severe illness from COVID-19, including, moderate to severe asthma, cystic fibrosis, hypertension or high blood pressure, liver disease, being overweight, Type 1 diabetes, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Watters' medical conditions include myopia and dermatitis. Docket 314 at 28. None of Watters' medical conditions are among those identified by the CDC as increasing or potentially increasing the risk of severe illness from COVID-19. His medical records also reflect minimal clinic visits and prescribed medications, which leads the court to believe that Watters is generally healthy. *See id.* at 1. Neither is there any indication that his medical conditions prevent Watters from providing self-care within the correctional facility.

It is understandable that Watters is concerned about his health in the age of COVID-19, and the court does not minimize those concerns. Recently the Bureau of Prisons has implemented a COVID-19 vaccination plan and has begun administering vaccines to inmates and staff. *See BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021). As of February 8, 2021, 39,288 doses have been administered. *Id.* The court concludes Watters' health concerns coupled with the present conditions at FPC Leavenworth do not establish extraordinary and compelling reasons for his early release.

### B.  Catch-all Category, Note 1(D)

Review under the catch-all category in Note 1(D) does not result in a different outcome. The catch-all category allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in 1(A) through 1(C). USSG § 1B1.13, comment. n.1(D). The court has considered Watters' motion and the information on file. After considering the ongoing COVID-19 pandemic combined with Watters' arguments, the court is not convinced that extraordinary and compelling reasons exist to release Watters from custody early. In sum, Watters has not demonstrated extraordinary and compelling reasons for relief.

### III.  Sentencing Factors of § 3553(a)

Although the court need not consider the 3553(a) factors because Watters' circumstances fail to meet the high bar of "extraordinary and compelling reasons" warranting a sentence reduction, such sentencing factors underscore the point.

The sentencing factors in § 3553(a) do not weigh in favor of a reduction. Watters pleaded guilty to conspiracy to distribute a controlled substance. Dockets 168, 177. Watters received an ounce of methamphetamine from his co-conspirator each week until his arrest in 2018. Docket 233, ¶ 26. At the time of his arrest, methamphetamine was discovered in his possession. *Id.* Additionally, he admitted to conducting a minimum of 30 methamphetamine transactions with his co-conspirator. *Id.* Over 1.7 kilograms of methamphetamine were attributed to the defendant. *Id.* ¶ 51. The total offense

level was calculated as 31, and Watters had 7 scorable history points resulting in criminal history Category IV. *Id.* ¶¶ 65, 78-79. The guideline range for his sentence was 151 to 188 months in custody. *Id.* ¶103. The court sentenced him below his guideline range to the mandatory minimum of 120 months in custody. Docket 241 at 2. Later, the court reduced Watters' sentence by half to 60 months. Docket 302.

Watters has served approximately 48% of his statutory term. Docket 314 at 53. His home detention eligibility date is August 22, 2022. *Id.* at 52. After careful consideration, the court concludes Watters' sentence of 60 months in custody with five years of supervised release continues to be appropriate for the seriousness of the offense to which he pleaded guilty.

## CONCLUSION

Watters has failed to satisfy the extraordinary and compelling reasons standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 305) is denied.

Dated February 8, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE